IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARK EDWARD WAYT, | ) | |
| | ) | |
| Petitioner, | ) | 4:06CV3134 |
| | ) | |
| vs. | ) | ORDER |
| | ) | (HABEAS CORPUS) |
| REX RICHARD, | ) | |
| | ) | |
| Respondent. | ) | |

    Before the court is filing no. 6, the motion for appointment of counsel, filed by the petitioner. Rule 8(c) of the Rules Governing Section 2254 proceedings in the United States District Courts, entitled "Appointment of counsel; time for hearing," states:

> If an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires.

    Pursuant to Rule 8(c), a district court may appoint counsel to represent a habeas corpus petitioner whenever the court determines that the interests of justice so require and if the petitioner's financial status meets the criteria of 18 U.S.C. § 3006A. If an evidentiary hearing is necessary to resolve the issues raised by a § 2254 petition, counsel "shall" be appointed. Otherwise, no constitutional or statutory provision necessitates appointment of an attorney to represent a petitioner in § 2254 proceedings.

    The decision whether to appoint counsel is committed to the discretion of the district court. Morris v. Dormire, 217 F.3d 556 (8th Cir.), cert. denied, 531 U.S. 984 (2000). In determining whether the interests of justice require appointment of counsel for a § 2254 petitioner, "the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors .... Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).

In light of those factors, the petitioner's motion for appointment of counsel, is denied. However, appointment of counsel will be reconsidered sua sponte in the event an evidentiary hearing is held in this case.

SO ORDERED.

DATED this 15th day of August, 2006.

BY THE COURT:

s/F.A. GOSSETT
United States Magistrate Judge