IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARK EDWARD WAYT, | ) | |
| | ) | |
| Petitioner, | ) | 4:06cv3134 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court to facilitate progression of this habeas corpus case filed pursuant to 28 U.S.C. § 2254 by the petitioner, Mark Edward Wayt. The respondent has filed an Answer (filing no. 10) and state court records (filing no. 9). The petitioner has filed a Reply (filing no. 11). The petitioner alleges violations of his constitutional rights in connection with his conviction in the District Court of Cheyenne County, Nebraska, on or about September 26, 2004, of possession of a controlled substance, driving under a suspended license, and fourth offense driving under the influence.

The petitioner alleges the following § 2254 claims for relief:

Claim No. 1: Double jeopardy.

Claim No. 2: Prosecution failure to disclose evidence favorable to petitioner.

Claim No. 3: Denial of credit for 80 days in pretrial custody.

**Respondent's Affirmative Defenses**

The respondent alleges in his Answer that the petitioner's first and second habeas claims either have not been exhausted, i.e., fairly presented to the Nebraska appellate courts or are procedurally defaulted. In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the United States Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round* of the State's established appellate review process" before filing for federal habeas relief.   Id. at 845 (emphasis

added). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005). If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is "procedurally defaulted," not unexhausted, Akins v. Kenney, 410 F.3d at 456 n.1.

In addition to the affirmative defenses of failure to exhaust judicial remedies or procedural default of his claims, the respondent also denies all three of the petitioner's claims on their merits.

### What the Petitioner Can Do

As to the affirmative defense of failure to exhaust judicial remedies, the petitioner may show that he did indeed present his first and second habeas claim(s) to the Nebraska Court of Appeals and the Nebraska Supreme Court, if he can point to the parts of his state-court appellate briefs where he in fact fairly presented those claims. If the petitioner did not present his first and second claims all the way through the state appellate courts, then the claim(s) in question may be procedurally defaulted. In that event, the petitioner is entitled to try to make a showing of cause and prejudice to excuse the procedural default.

### Cause and Prejudice to Excuse Procedural Default

The petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the procedural default of any defaulted claim. Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005). Although the United States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-

counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted.  Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense.  See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.  Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

### Review on the Merits

As for the merits of the petitioner's first, second and third claims, the Eighth Circuit Court of Appeals, in Niederstadt v. Nixon, 465 F.3d 843 (8th Cir. 2006), clarified that it is not always possible to determine whether a claim has been "adjudicated on the merits" within the meaning of 28 U.S.C. § 2254(d).  28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), directs this court to apply a deferential standard of review to decisions "adjudicated on the merits in State court proceedings."  Section 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Within the meaning of 28 U.S.C. § 2254(d)(1), "[a] state-court decision is contrary to [the Supreme Court's] clearly established precedents if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts

3

that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005).  Similarly, "[a] state-court decision involves an unreasonable application of ... clearly established precedents if the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner."  Id.

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to claims in this case adjudicated on the merits by the Nebraska appellate courts, the issue in this court is only whether the Nebraska courts, in adjudicating the merits of the claims, (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) based their decisions on an unreasonable factual determination in light of the record.

On the other hand, if this court reaches a federal constitutional claim which was not adjudicated on the merits by the state courts, the deferential standards of 28 U.S.C. § 2254(d) do not apply, and, in that situation, the federal habeas court conducts a de novo review of the claim. Niederstadt v. Nixon, 465 F.3d 843 (8th Cir. 2006), *citing* Pfau v. Ault, 409 F.3d 933, 938-39 (8th Cir. 2005).[1]

---

[1] See also Brown v. Luebbers, 371 F.3d 458, 460-61 (8th Cir. 2004) (*en banc*): "[A]s the language of the statute makes clear, there is a condition precedent that must be

4

**Briefs**

Therefore, the parties shall submit briefs in accordance with the schedule set forth below.

IT IS ORDERED:

1. That by January 12, 2007, each party shall file a brief on the issues discussed above;

3. That by March 12, 2007, each party shall file a brief in response to the other party's brief;

4. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the record and the briefs.

DATED this 17th day of November, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

---

satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court .... So the first question for us to consider is: what constitutes an adjudication on the merits? From the plain language of the statute and black-letter law, we know that the state court's decision must be a judgment-an adjudication-on a substantive issue-the merits (as compared with a procedural or technical point). A survey of opinions from our sister circuits demonstrates that, beyond these two considerations, resolving the question is not so easy. One thing is clear-no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits. That is as it should be, given one court's difficulty in divining the thought processes of another based only on language being used in certain ways, not to mention the comity issues that would be raised .... We must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court."